# EXHIBIT 1

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| WENDY LUGO, on behalf of herself and all others similarly situated,<br><br>                      Plaintiffs,<br><br>vs.<br><br>FINANCIAL RECOVERY SERVICES, INC.; and JOHN DOES 1-25,<br><br>                      Defendants. | Civil Case No. 2:16-cv-05639 (MCA)(LDW)<br><br>**PLAINTIFF'S RESPONSE TO FINANCIAL RECOVERY SERVICES, INC's FIRST SET OF INTERROGATORIES** |

To:    Ronald M. Metcho, Esq.
         Marshall Dennehey Warner Coleman & Goggin
         2000 Market St., Suite 2300
         Philadelphia, PA 19103
         RMMetcho@MDWCG.com
         *Attorneys for Defendants, Financial Recovery Services, Inc*

**PLEASE TAKE NOTICE** that the following are Plaintiff's, WENDY LUGO's (hereinafter "Plaintiff") responses, all upon information and belief, as to Defendants', FINANCIAL RECOVERY SERVICES, INC's (hereinafter "Defendant"), Interrogatories:

**GENERAL OBJECTIONS TO ALL INTERROGATORIES**

1.      Plaintiff objects to all Interrogatories to the extent that they require a legal conclusion or interpretation of a Law, Statute, Regulation, or Rule.  Plaintiff relies on counsel for assistance in legal matters.

2.      Plaintiff objects to all Interrogatories to the extent that the Interrogatories seek information not within Plaintiff's possession, custody or control.

3.      Plaintiff objects to all Interrogatories on the grounds that they are vague and overly broad.

4.      Plaintiff objects to all Interrogatories on the grounds that they seek information that is not relevant and/or material to the subject matter of this litigation and not reasonably calculated to lead to relevant information.

5. Plaintiff objects to all Interrogatories on the grounds that Defendants seek information that is in the exclusive possession of Defendants.

6. Plaintiff objects to the Interrogatories to the extent that the Interrogatories require Plaintiff to conduct research and investigations, compile or evaluate information in a manner that is unduly burdensome and/or oppressive, or acquire information not presently within Plaintiffs' possession.

7. Plaintiff objects to the Interrogatories to the extent that the Interrogatories seek information containing or constituting confidential information.

8. Plaintiff objects to the Interrogatories to the extent that the Interrogatories seek information protected by the attorney-client privilege, the attorney work-product doctrine, the self-critical analysis privilege, or any other applicable privilege, and to the extent that the Interrogatories otherwise seek information and/or documents prepared in anticipation of litigation or which constitute or disclose the mental impressions, conclusions, opinions or legal theories of any attorney or other representative of Plaintiff concerning this or any other litigation.

9. Plaintiff objects to the Interrogatories to the extent that any of the Interrogatories are overly broad, unduly burdensome, vague, ambiguous or otherwise lacking in sufficient precision to permit a response.

10. Plaintiff objects to the Interrogatories to the extent that the Interrogatories seek to expand the scope of or impose obligations greater than those imposed by the Federal Court Rules.

11. Plaintiff reserves the right to challenge the competency, relevancy, materiality and admissibility of and to object on any grounds to information produced in response to the Interrogatories in any subsequent proceeding or at any trial of this or any other action.

12. Plaintiff states that investigation and discovery of facts and evidence are continuing and not complete.  Accordingly, these responses are based upon information presently available to Plaintiff, and future investigation and/or discovery may produce additional information. If and when this occurs, Plaintiffs will amend the responses to the Interrogatories, if necessary, in accordance with the Federal Court Rules.  Plaintiff further reserves the right to amend, supplement, or alter their responses to the Interrogatories at any time.

13. Plaintiff incorporates these General Objections in each specific response provided below.  The restatement or rephrasing of any of the foregoing objections within any of the following responses shall not limit the scope of the foregoing objections anywhere in the response.  Failure to repeat any General Objection in response to a specific question shall not be deemed a waiver of that objection.  Moreover, if and when Plaintiff specifically repeats one of the General Objections in response to a specific question, such specific objection shall not be deemed a waiver or limitation of any of the General Objections.

Subject to and without waiving any of the foregoing objections, Plaintiff responds to the Interrogatories as follows:

## GENERAL ANSWERS TO ALL INTERROGATORIES

1. Plaintiffs incorporate, by reference, in all answers to Interrogatories, the following:
    a. All pleadings and attachments thereto; and
    b. All discovery requests and replies thereto from all parties to this matter including transcripts of all depositions.

2. Plaintiffs' replies are subject to revision based upon information to be supplied by Plaintiff in response to Plaintiff's discovery request.

3. Plaintiffs' have responded to these Interrogatories with the assistance of counsel.

## PLAINTIFF'S RESPONSES TO SPECIFIC INTERROGATORIES

**INTERROGATORY NO. 1**: Identify each person with knowledge of the allegations contained in the Complaint, providing each person's full name, address, and place of employment, and provide a summary of the information known by each such person.

**Response:** *Plaintiff's full name Wendy Sively Lugo,* ▓▓▓▓▓▓▓▓▓▓▓▓▓ *Plaintiff also relies on her disclosures previously served pursuant to Fed. R. Civ. P. 26.*

**INTERROGATORY NO. 2:** Identify all documents you intend to introduce as exhibits in the trial of this matter.

**RESPONSE:** *Objection as vague, ambiguous, overly broad, unduly burdensome or irrelevant. Specifically, that this interrogatory is premature at this time. Without waiving said objection, Plaintiff will respond prior to the time of trial in accordance with the Federal Rules of Civil Procedure and local rules of this Court.*

**INTERROGATORY NO. 3:** State the name, address, and employer of each person you intend to call as a witness in the trial of this matter or at any hearing in this matter.

**RESPONSE:** *Objection as vague, ambiguous, overly broad, unduly burdensome or irrelevant. Specifically, that this interrogatory is premature at this time. Without waiving said objection, Plaintiff will respond prior to the time of trial in accordance with the Federal Rules of Civil Procedure and local rules of this Court.*

**INTERROGATORY NO. 4:** State the name, address, and employer of any expert witness you intend to call as a witness in the trial of this matter or at any hearing in this matter.

**RESPONSE:** *Objection as vague, ambiguous, overly broad, unduly burdensome or irrelevant. Specifically, that this interrogatory is premature at this time and that Plaintiff has not yet retained an expert. Without waiving said objection, Plaintiff will respond pursuant to the Federal Rules of Civil Procedure and local rules of this Court.*

**INTERROGATORY NO. 5:** For each witness identified in your Answer to Interrogatory No. 4 above, please state or provide the following:

 a. the subject matter on which the expert will testify;
 b. the facts and opinions on which the expert is expected to testify;
 c. a summary of the grounds for each opinion; and
 d. the curriculum vitae of the expert.

**RESPONSE:** *Objection as vague, ambiguous, overly broad, unduly burdensome or irrelevant. Specifically, that this interrogatory is premature at this time and that Plaintiff has not yet retained an expert. Without waiving said objection, Plaintiff will respond pursuant to the Federal Rules of Civil Procedure and local rules of this Court.*

**INTERROGATORY NO. 6:** Describe the facts and identify any documents or things in your possession that support or refute your allegation that Defendants violated any law in this matter. Please include in your answer each and every provision and subsection of each law that you are alleging Defendants violated and the basis for your assertion that the alleged acts or omissions of Defendants resulted in such violations.

**RESPONSE:** *Plaintiff relies on the Complaint and documents annexed thereto*.

**INTERROGATORY NO. 7:** State the name, address, and telephone number of each person who prepared or assisted in preparing responses to these Interrogatories.

**RESPONSE:** *Plaintiff prepared these responses with the assistance of counsel.*

**INTERROGATORY NO. 8:** Identify and describe any and all communications, whether oral or written, that you, your attorneys, agents, or representatives have had with Defendants, their managers, officers, employees, agents, representatives, or attorneys and that refer or relate in any way to the subject matter of the Complaint, and identify each person involved in the communications.

**RESPONSE:** *Plaintiff is not in possession of, or has made, any such communications.*

**INTERROGATORY NO. 9:** Identify and state with specificity any and all damages which you are claiming as a result of the alleged actions or omissions of Defendants, if any, including a description of each item of damage, the date each item of damage was incurred, the amount of compensation that you allege you are entitled to recover from the loss, how the figures used in calculating the value of each item of damage were computed, and all facts which form the basis of your contention that Defendants' actions proximately caused each item of damage.

**RESPONSE:** *Plaintiff relies on the Complaint and documents annexed thereto.*

**INTERROGATORY NO. 10:** Identify and state with specificity any and all actual, emotional, or financial damages or out-of-pocket expenses which you claim you incurred as a result of the alleged actions or omissions of Defendants, if any.

5

**RESPONSE:** *Objection as vague, ambiguous, overly broad, unduly burdensome or irrelevant. Specifically, that "actual damages" is not defined. Without waiving said objection, Plaintiff relies on the Complaint and documents annexed thereto*.

**INTERROGATORY NO. 11:** State with specificity all facts, and identify all documents, that support the allegations contained in paragraphs 11-13 of Plaintiff's Complaint.

**RESPONSE:** *Plaintiff relies on the Complaint and documents annexed thereto*.

**INTERROGATORY NO. 12:** State with specificity all facts, and identify all documents, that support your claim that this matter is suitable for class treatment.

**RESPONSE:** *Plaintiff relies on the Complaint and documents annexed thereto*.

**INTERROGATORY NO. 13:** State with specificity all facts, and identify all documents, that support or refute your allegation that you are an adequate class representative, including in your answer a description of each and every instance that you have acted as a fiduciary or in a representative capacity.

**RESPONSE:** *Plaintiff relies on the Complaint and documents annexed thereto*.

**INTERROGATORY NO. 14:** State with specificity your reasons for pursuing this action as a putative class action rather than an individual action.

**RESPONSE:** *Objection as vague, ambiguous, overly broad, unduly burdensome or irrelevant. Specifically, that this interrogatory calls for a legal conclusion. Without waiving said objection, Plaintiff relies on the Complaint and documents annexed thereto*.

**INTERROGATORY NO. 15:** Identify all known persons who make up the alleged class of Plaintiffs.

**RESPONSE:** *Objection as vague, ambiguous, overly broad, unduly burdensome or irrelevant. Specifically, based on Defendant's definition of the word "Identify" as well as this interrogatory calls for a legal conclusion. Without waiving said objection, Plaintiff relies on the Complaint and documents annexed thereto. In addition, this information would be in the possession of Defendants.*

**INTERROGATORY NO. 16:** State with specificity all facts that are common to the class.

**RESPONSE:** *Objection as vague, ambiguous, overly broad, unduly burdensome or irrelevant. Specifically, that this interrogatory calls for a legal conclusion. Without waiving said objection, Plaintiff relies on the Complaint and documents annexed thereto.*

**INTERROGATORY NO. 17:** Identify any present or potential conflicts between Plaintiff's claim and the claim of any members of the class, or between Plaintiff and any members of the class.

**RESPONSE:** *There are no potential conflicts between Plaintiff's claim and that of any class members as well as no potential conflicts between Plaintiff and any members of the Class. In addition, Plaintiff relies on the Complaint and documents annexed thereto.*

**INTERROGATORY NO. 18:** State whether the claims of the class will require sub-classes presently or in the future, and if so, identify with specificity each of the sub-classes.

**RESPONSE**: *Plaintiff relies on the Complaint and documents annexed thereto.*

**INTERROGATORY NO. 19:** Are you aware of any actual damages claimed by any putative class member in this class? If so, please identify that class member and describe in detail the actual damages claimed.

**RESPONSE:** *Objection as vague, ambiguous, overly broad, unduly burdensome or irrelevant. Specifically, that "actual damages" is not defined. Without waiving said objection, Plaintiff relies on the Complaint and documents annexed thereto.*

**INTERROGATORY NO. 20:**  Are you aware of any allegation by any putative class member that Defendants intentionally violated the FDCPA?

**RESPONSE:** *Objection as vague, ambiguous, overly broad, unduly burdensome or irrelevant. Specifically, that this interrogatory calls for a legal conclusion. Without waiving said objection, Plaintiff relies on the Complaint and documents annexed thereto*.

**INTERROGATORY NO. 21**:  State all facts and identify all documents in support of your contention that Plaintiff has not released her claims against Defendant.

**RESPONSE:** *Objection as vague, ambiguous, overly broad, unduly burdensome or irrelevant. Specifically, that this interrogatory calls for a legal conclusion. Plaintiff further objects as Plaintiff's Complaint in this matter makes no allegations regarding releasing claims against Defendant.*

Dated:  Fairfield, NJ
        August 25, 2017

                                              s/ *Benjamin J. Wolf*
                                              Benjamin J. Wolf, Esq.
                                              Jones, Wolf & Kapasi, LLC
                                              375 Passaic Avenue, Suite 100
                                              Fairfield, New Jersey 07004
                                              (973) 227-5900 telephone
                                              (973)244-0019 facsimile
                                              bwolf@legaljones.com
                                              *Attorneys for Plaintiff*

## CERTIFICATION OF SERVICE

I, Benjamin J. Wolf, hereby certify that on this date I caused to be served the following papers:

**PLAINTIFF'S RESPONSE TO FINANCIAL RECOVERY SERVICES, INC's FIRST SET OF INTERROGATORIES**

upon:

    Ronald M. Metcho, Esq.
    Marshall Dennehey Warner Coleman & Goggin
    2000 Market St., Suite 2300
    Philadelphia, PA 19103
    RMMetcho@MDWCG.com

by first class mail, and electronic mail.

I certify under penalty of perjury that the foregoing is true and correct.

Executed on August 25, 2017

                                              /s/ *Benjamin J. Wolf*
                                              Benjamin J. Wolf

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| WENDY LUGO, on behalf of herself and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>FINANCIAL RECOVERY SERVICES, INC.; and JOHN DOES 1-25,<br><br>Defendants. | Civil Case No. 2:16-cv-05639 (MCA)(LDW)<br><br>**PLAINTIFF'S RESPONSE TO FINANCIAL RECOVERY SERVICES, INC's FIRST REQUEST FOR PRODUCTION OF DOCUMENTS** |

To:   Ronald M. Metcho, Esq.
      Marshall Dennehey Warner Coleman & Goggin
      2000 Market St., Suite 2300
      Philadelphia, PA 19103
      RMMetcho@MDWCG.com
      *Attorneys for Defendants, Financial Recovery Services, Inc*

**PLEASE TAKE NOTICE** that the following are Plaintiff's, WENDY LUGO's (hereinafter "Plaintiff") responses, all upon information and belief, as to Defendants', FINANCIAL RECOVERY SERVICES, INC. (hereinafter "Defendant"), First Request for Production of Documents:

**RESPONSES TO REQUEST FOR PRODUCTION**
**OF DOCUMENTS**

**REQUEST NO. 1**:  Any and all documents which evidence, summarize, refer or relate to any communications or correspondence between you, your attorneys, agents, and representatives or anyone else on your behalf, and the Defendants, their managers, officers, employees, representatives, attorneys, or agents, and that concern the subject matter of this dispute.

**RESPONSE**: *Plaintiff relies on the Complaint and documents annexed thereto.*.

**REQUEST NO. 2:** Any and all documents which evidence, summarize, refer, or relate to the factual allegations in the Complaint.

**RESPONSE**: *Plaintiff relies on the Complaint and documents annexed thereto.*.

**REQUEST NO. 3:** Any and all documents not produced in response to these Document Requests that you intend to attempt to introduce into evidence at the trial of this action, or any hearing related to this action.

**RESPONSE:** *Objection as vague, ambiguous, overly broad, unduly burdensome or irrelevant. Specifically, that this request is premature at this time. Without waiving said objection, Plaintiff will respond pursuant to the Federal Rules of Civil Procedure and local rules of this Court.*

**REQUEST NO. 4:** Any and all written, recorded, and/or transcribed statements that you or your representatives have obtained from any person and that relate to or concern the subject matter of this dispute.

**RESPONSE**: *Plaintiff relies on the Complaint and documents annexed thereto.*.

**REQUEST NO. 5:** All documents, including expert reports, which were prepared by each person whom you expect to call as an expert witness at trial, or in support of any motion, or concerning any motion, and which contain any opinion, conclusion or inference with respect to any fact or matter about which the expert witness has been retained to testify in this case and/or the facts or data upon which the expert witness bases such conclusion, opinion or inference.

**RESPONSE:** *Objection as vague, ambiguous, overly broad, unduly burdensome or irrelevant. Specifically, that this request is premature at this time and that Plaintiff has not yet retained an expert. Without waiving said objection, Plaintiff will respond pursuant to the Federal Rules of Civil Procedure and local rules of this Court.*

**REQUEST NO. 6:**  Any and all documents identified or requested to be identified, referenced, or described in your Answers to Interrogatories.

**RESPONSE**: *Plaintiff relies on the Complaint and documents annexed thereto.*.

**REQUEST NO. 7:**  All documents evidencing or referring to any admissions against interest allegedly made by Defendant and that are relevant to any of the issues in this case.

**RESPONSE**: *Plaintiff relies on the Complaint and documents annexed thereto.*.

**REQUEST NO. 8:**  All documents that support your claim for damages.

**RESPONSE**: *Plaintiff relies on the Complaint and documents annexed thereto.*.

**REQUEST NO. 9:**  All documents that support or refute your claim that this matter is suitable for class treatment.

**RESPONSE**: *Plaintiff relies on the Complaint and documents annexed thereto.*.

**REQUEST NO. 10:**  All documents that support or refute your allegation that you are an adequate class representative including in your response documentation of each and every instance that you have acted as a fiduciary or in a representative capacity.

**RESPONSE**: *Plaintiff relies on the Complaint and documents annexed thereto.*.

**REQUEST NO. 11:**  All documents related to the class allegations alleged in your Complaint.

**RESPONSE**: *Plaintiff relies on the Complaint and documents annexed thereto.*.

**REQUEST NO. 12:**  All documents that support or refute your contention that Plaintiff did not release her claims against Defendant.

**RESPONSE:** *Objection as vague, ambiguous, overly broad, unduly burdensome or irrelevant. Specifically, that this request calls for a legal conclusion. Plaintiff further objects as Plaintiff's Complaint in this matter makes no allegations regarding releasing claims against Defendant.*

Dated: Fairfield, NJ
       August 25, 2017

                                        s/ *Benjamin J. Wolf*
                                        Benjamin J. Wolf, Esq.
                                        Jones, Wolf & Kapasi, LLC
                                        375 Passaic Avenue, Suite 100
                                        Fairfield, New Jersey 07004
                                        (973) 227-5900 telephone
                                        (973)244-0019 facsimile
                                        bwolf@legaljones.com
                                        *Attorneys for Plaintiff*

## CERTIFICATION OF SERVICE

I, Benjamin J. Wolf, hereby certify that on this date I caused to be served the following papers:

**PLAINTIFF'S RESPONSE TO FINANCIAL RECOVERY SERVICES, INC's FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

upon:

Ronald M. Metcho, Esq.
Marshall Dennehey Warner Coleman & Goggin
2000 Market St., Suite 2300
Philadelphia, PA 19103
RMMetcho@MDWCG.com

by first class mail, and electronic mail.

I certify under penalty of perjury that the foregoing is true and correct.

Executed on August 25, 2017

/s/ *Benjamin J. Wolf*
Benjamin J. Wolf